■ The People of the State of New York, Respondent, v Anthony L. Breedlove, Appellant. [809 NYS2d 291]—

Crew III, J.P. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered December 19, 2003, upon a verdict convicting defendant of the crimes of murder in the second degree, criminal possession of a weapon in the second degree and assault in the second degree (two counts).

In January 2003, defendant was at an apartment in the City

of Elmira, Chemung County, when his friend Early Everett got into a fight with Courteney Swartz. While the two struggled in a small hallway of the apartment, defendant pulled a gun from his pocket and began firing at Swartz. Swartz was struck five times, once in the arm, one shot causing a graze-type injury and three shots in the back, as the result of which Swartz died.

Defendant was indicted and charged with two counts of murder, criminal possession of a weapon and two counts of assault. Following a jury trial, defendant was acquitted of intentional murder and found guilty of depraved indifference murder, criminal possession of a weapon in the second degree and two counts of assault in the second degree for which he was sentenced to an aggregate term of imprisonment of 25 years to life. Defendant now appeals.

Initially, defendant challenges the legal sufficiency of the evidence supporting his conviction of depraved indifference murder, asserting that the trial evidence was consistent only with intentional murder and, thus, there was no reasonable view of the evidence under which he could have been found guilty of recklessly causing Swartz's death. We agree.

As the Court of Appeals recently held, " 'depraved indifference murder may not be properly charged in the overwhelming majority of homicides that are prosecuted in New York' " (*People v Suarez*, 6 NY3d 202, 207 [2005], quoting *People v Payne*, 3 NY3d 266, 270 [2004]). In particular, the Court has observed that "[t]he use of a weapon can never result in depraved indifference murder when . . . there is a manifest intent to kill" (*People v Payne, supra* at 271). Where a defendant shoots a victim at close range, it may be murder or manslaughter, but not depraved indifference murder (*see id.* at 271-272).

Here, defendant's conduct can hardly be considered reckless. The evidence reflects that defendant shot Swartz five times and that two of the shots were discharged inches from Swartz's back, the bullet from one of which entered Swartz's lung and heart and resulted in his death. Under the circumstances, defendant's conduct cannot be seen as other than intentional. Whether he intended to kill is a quintessential question of fact for a jury, but defendant's conduct clearly was intentional and not reckless. Indeed, as has been noted by the Court of Appeals, the more a defendant shoots a victim, the more intentional the homicide becomes (*see People v Payne, supra* at 272). It is clear, therefore, that defendant's conviction for depraved indifference murder was legally insufficient and his motion to dismiss on that ground should have been granted. We have considered defendant's remaining contentions and find them without merit.

Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of murder in the second degree under count two of the indictment; said count dismissed and vacate the sentence imposed thereon; and, as so modified, affirmed.